IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| vs. | ) Criminal No. 10-121-1 |
| RICHARD LAWRENCE VEAZEY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## **MEMORANDUM ORDER**

Pending is Criminal Justice Act (CJA) appointed counsel's Petition for Attorney's Fees. The CJA provides compensation for appointed counsel at the conclusion of counsel's representation for in court time and time "reasonably expended" out of court. 18 U.S.C.A. §3006A(d)(1). Authority and discretion to determine appropriate compensation lies with the District Judge. 18 U.S.C.A. §3006A(d)(5).

Congress has, however, limited compensation for appointed counsel in CJA felony cases to $9,700.00. 18 U.S.C.A. §3006(A(d)(2). Appointed counsel in this case has submitted a claim for fees and expenses in the amount of $18,775.20, almost twice the amount authorized by Congress. Of that amount $212.50 was for in court time, $18,425.00 was for work done outside of court and $137.70 was for travel expenses.

Payment exceeding the $9,700.00 maximum may only be made for "extended or complex representation." 18 U.S.C.A. §3006A(d)(3). Extended representation is representation involving more time than required in the usual case.

Counsel represented Defendant from July 13, 2010 until Defendant's plea on October 3, 2011. Although the representation exceeded 1 year in length, much of that time is attributable to counsel's four motions for extensions of time to file pretrial motions and Defendant's own

motion to continue the trial date until June 20, 2011, due to counsel's trial schedule in other matters during April and May, 2011.

I have carefully considered counsel's contentions that this was a complex case. I do not, however, find that to be the case. The indictment charged Defendant with 2 counts of wire fraud conspiracy and 12 counts of wire fraud. The number of counts related to the number of properties involved in the alleged conspiracies.

The government's allegations were straight forward. The conspiracies involved fraudulently elevated sales prices supported by fraudulent appraisals and Defendant was alleged to be one of several appraisers who provided fraudulent appraisals.

Pretrial motions filed by Defendant were customary and routine: a motion for bill of particulars; a motion to exclude opinion evidence of co-conspirators as to Defendant's unlawful acts; a motion to exclude evidence of delinquency of the loans; a motion to retain agents' rough notes; a motion for disclosure of confidential informants; a motion for disclosure of agreements between the government and its witnesses; a motion to disclose *Jencks* and *Brady* materials; a motion for disclosure of uncharged conduct; a motion to prohibit *Jencks* material in the jury's presence; and a motion for a *James* hearing.

Except for the *James* hearing motion, no hearing on these motions was requested or held. Defendant requested a continuance of the *James* hearing and then entered a guilty plea.

The legal and factual issues surrounding all the motions were not unusual or complex.

There were no issues with respect to the presentence report. Defendant had no objections or modifications to the report. Defendant was sentenced to the bottom of the advisory guideline range and has not appealed any issue in the court of appeals.

This case was a typical wire fraud conspiracy case. Although I realize that counsel spent many hours in his representation that is not the controlling factor in my determination of whether Congress's mandate of $9,700.00 should be exceeded. Instead, the focus is on the

nature of the case and the complexity of the facts and law. As I have indicated, I find the case to be typical and not complex.

In a proposed order responding to counsel's request, I reminded counsel of the $9,700.00 CJA compensation limitation. Counsel's response has not convinced me that the limitation should be exceeded in this case.

In no way do I dispute counsel's representation of hours expended. I conclude that counsel adequately and professionally represented Defendant and performed a valuable service to the court and the public. Nevertheless, I am constrained to follow the maximum fee limit mandated by Congress in this case as I find that the case was neither unusually complex not extended.

Therefore, I will award counsel $9,700.00 for fees and expenses.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

Dated: January 10, 2012